IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>JARED ALBERT WEEKS-COMBS,<br><br>Defendant. | CR 10-26-GF-DLC-RKS-01<br><br>**FINDINGS AND RECOMMENDATION TO REVOKED DEFENDANT'S SUPERVISED RELEASE** |
|---|---|

**I. Synopsis**

Defendant Jared Weeks-Combs was accused of violating his conditions of supervised release by failing to report to his probation officer, consuming amphetamine, failing to report for substance abuse testing, failing to attend substance abuse treatment sessions, and failure to attend mental health evaluation and treatment sessions. His supervised release should be revoked, and he should be ordered into custody for 18 months.

## II. Status

Mr. Weeks-Combs pled guilty in 2010 to Possession of Methamphetamine with Intent to Distribute. CD 19. The offense consisted of stealing drugs that were being held as evidence at the Roosevelt County Sheriff's Office, where Mr. Weeks-Combs was working. CD 16. He was sentenced in August 2010 to 21 months imprisonment, to be followed by three years supervised release. CD 34. Mr. Weeks-Combs' supervised release was revoked in May 2012 because he was using methamphetamine. CD 46. He was ordered to serve 10 months in custody, to be followed by 26 months supervised release. CD 46. Mr. Weeks-Combs began his current term of supervised release on March 15, 2013. CD 49.

**Petition**

The United States Probation Office filed a petition on May 30, 2013, asking the court to revoke Mr. Weeks-Combs' supervised release. CD 49. The petition alleged that Mr. Weeks-Combs committed five violations of his supervised release. It alleged he: 1) violated Standard Condition 2 by failing to report to his probation officer on May 10 and May 13, 2013; 2) violated Standard Condition 7 by consuming amphetamine, for which a urine sample he supplied on April 19, 2013 tested positive; 3) violated Special Condition 1 by failing to report for substance abuse testing on May 8, 2013; 4) violated Special Condition 2 by failing to report

to chemical dependency treatment on April 10, April 17, and May 15, 2013; and 5) violated Special Condition 7 by failing to complete a mental health evaluation.

Based on the petition, the Hon. Robert M. Holter, United States Magistrate Judge, issued a warrant for Mr. Weeks-Combs' arrest. CD 50.

**Initial Appearance**

Mr. Weeks-Combs was arrested on June 4, 2013. CD 55. He made an initial appearance before the undersigned on June 6, 2013. CD 51. He was represented by Federal Defender Anthony Gallagher, and the Federal Defenders office was appointed to represent him for the duration of the case. Assistant United States Attorney Laura Weiss represented the United States. The undersigned explained to Mr. Weeks-Combs the Findings and Recommendations procedure, whereby the undersigned would submit a recommendation to the Hon. Dana L. Christensen, United States District Judge, who would then decide whether to revoke Mr. Weeks-Combs' supervised release. Mr. Weeks-Combs was advised that he may object to the recommendation and that he has a right to appear and allocute before Judge Christensen, but must properly object to preserve that right.

Mr. Weeks-Combs said that he had read and understood the petition. He waived his right to a preliminary hearing. Ms. Weiss asserted that Mr. Weeks-Combs could be ordered to serve up to 24 months in custody if his supervised

release is revoked. Mr. Gallagher agreed. A revocation hearing was scheduled for June 13, 2013. Mr. Weeks-Combs was ordered detained pending that hearing. CD 51.

**Revocation Hearing**

Mr. Weeks-Combs appeared at the revocation hearing, represented by Mr. Gallagher. Assistant United States Attorney Ryan Weldon represented the United States. The undersigned reviewed the Findings and Recommendations procedure with Mr. Weeks-Combs, including his right to object to the recommendation and to allocute before Judge Christensen.

Mr. Weeks-Combs admitted to the violations alleged in the petition, but clarified that he failed to complete the mental health evaluation (Violation 5) only because the water in his home was being shut off and he had to attend to the matter. The undersigned found the admission adequate to establish violations, and believes the violations warrant revocation of Mr. Weeks-Combs supervised release.

The undersigned calculated that Mr. Weeks-Combs' violation grade is C. His criminal history category is II. His underlying offense is a Class C felony. Under those circumstances, he could be ordered to serve up to 24 months incarceration if his supervised release is revoked. The United States Sentencing

Guidelines call for 4 to 10 month imprisonment. The parties agreed with those calculations.

Mr. Gallagher requested that Mr. Weeks-Combs' sanction consist of a six-month commitment to a pre-release facility. Alternatively, Mr. Gallagher asked for a custodial sentence at the low end of the guideline range, with continued supervised release to follow. Mr. Gallagher assured the court that Mr. Weeks-Combs understands the gravity of supervised release and appreciates the seriousness of his violations. Mr. Gallagher explained that the violations can be attributed in part to mental health issues that afflict Mr. Weeks-Combs. Mr. Gallagher argued that a pre-release center is appropriate in this case because it would provide Mr. Weeks-Combs with a structured environment where he could learn to properly manage his mental health.

Mr. Weeks-Combs addressed the court. He apologized for breaching the court's trust. He said that after his release from prison, he was surrounded by many people who abused drugs or alcohol. Mr. Weeks-Combs explained that his drug abuse is secondary to his mental health issues, so if he is able to manage his mental health he will no longer abuse drugs. He said that he needs structure to achieve that goal, and believes he could succeed in a pre-release center.

Mr. Weldon requested a sanction of 24 months imprisonment, but no

additional supervised release.  Mr. Weldon noted that Mr. Weeks-Combs has already had his supervised release revoked once.  Mr. Weldon also reminded the court that Mr. Weeks-Combs' underlying offense consisted of a serious breach of trust (stealing drug evidence from his employer).  Mr. Weldon said that Mr. Weeks-Combs' violations were another breach of trust, and they began shortly after Mr. Weeks-Combs began his term of supervised release.

### III.  Analysis

Mr. Weeks-Combs' supervised release should be revoked.  He admitted to wilfully violating several conditions of supervised release.  Mr. Weeks-Combs should be ordered into the custody of the Bureau of Prisons for 18 months, with no supervised release to follow.

An upward departure is appropriate because Mr. Weeks-Combs has repeatedly taken advantage of trust others have placed in him.  His underlying offense was a breach of his employer's trust.  He breached the court's trust during his first term of supervised release, and has now breached the court's trust again.  The original offense and some of the violations involved both the sale and use of methamphetamine, a particularly insidious drug. Finally, Mr. Weeks-Combs violations were deliberate and easily avoidable.  Among other violations, he simply chose not to report to required meetings and drug tests.  Mr. Weeks-Combs now

6

contends he needs mental health treatment, but one of the conditions that he violated was a requirement he participate in mental health treatment. Mr. Weeks-Combs requests what he has already rejected.

No additional supervised release should be imposed. Mr. Weeks-Combs has consistently failed to comply with the conditions. He does not cooperate with or benefit from supervision, and it is a poor use of government resources.

Mr. Gallagher asked the court to recommend that the Bureau of Prisons provide Mr. Weeks-Combs with mental health treatment. Mr. Gallagher also asked for a recommendation that Mr. Weeks-Combs be placed at the Sheridan, Oregon facility because he has family near there. If the Oregon facility is unavailable, Mr. Gallagher asked for a recommended that Mr. Weeks-Combs be placed somewhere other than the Sandstone, Minnesota facility where he was previously imprisoned. Mr. Weeks-Combs apparently has acquaintances at that facility who he believes might make the facility particularly onerous for Mr. Weeks-Combs. Those recommendations are reasonable, and should be made.

## IV. Conclusion

Mr. Weeks-Combs was advised that the above sentence would be recommended to Judge Christensen. He was reminded of his right to appear and allocute to Judge Christensen, and the need to object to this recommendation

7

within 14 days to ensure that right is preserved.

The court **FINDS:**

1. Mr. Weeks-Combs violated Standard Condition 2 of his supervised release by failing to report to his probation officer on May 13, 2013.

2. Mr. Weeks-Combs violated Standard Condition 7 of his supervised release by consuming amphetamine, which was detected in a urine sample he submitted on April 19, 2013.

3. Mr. Weeks-Combs violated Special Condition 1 of his supervised release by failing to participate in substance abuse testing on May 8, 2013.

4. Mr. Weeks-Combs violated Special Condition 2 of his supervised release by failing to report to chemical dependency treatment sessions on April 10, April 17, and May 15 of 2013.

5. Mr. Weeks-Combs violated Special Condition 7 by failing to participate in mental health evaluation and treatment.

6. Supervised release is not currently effective or beneficial for Mr. Weeks-Combs.

The court **RECOMMENDS:**

1. The District Court should enter the attached Judgment, revoking Mr. Weeks-Combs supervised release and committing him to the custody of the United States Bureau of Prisons for 18 months, with the recommendation that the Bureau of Prisons house Mr. Weeks-Combs at the Sheridan, Oregon facility and provide him with mental health treatment.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 17th day of June, 2013.

Keith Strong
United States Magistrate Judge